UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal Action No. 5: 19-181-DCR |
| Plaintiff/Respondent, ) | and |
| ) | Civil Action No. 5: 22-101-DCR |
| V. ) | |
| ) | |
| PHILLIP LOVINS, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant/Movant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant/Movant Phillip Lovins has filed an amended *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] [Record Nos. 51, 54] His motion was referred to United States Magistrate Judge Candace J. Smith for issuance of a Report and Recommendation (R&R) pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Smith issued her report on March 28, 2023, recommending that the defendant's motion be denied. [Record No. 62]

This Court makes *de novo* determinations of those portions of a magistrate judge's recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(C). However, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those

---

[1] Lovins filed an initial § 2255 motion on April 19, 2022 and an amended § 2255 motion on May 6, 2022. [Record Nos. 51, 54] Because his amended motion supersedes his original motion, the Court will only address the merits of the amended motion. *See Calhoun v. Bergh*, 769 F.3d 409, 410 (6th Cir. 2014) ("[The defendant's initial § 2255] petition was 'supersede[d]' once he filed his amended one . . . and thus it was not pending for the district court to adjudicate.").

- 1 -

findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  The parties did not submit any objections to the Magistrate Judge's R&R.  Despite the absence of objections, the Court has conducted a *de novo* review of the defendant's petition for collateral relief and agrees with Magistrate Judge Smith's determination that Lovins did not establish that his trial attorney provided constitutionally ineffective assistance.  Accordingly, Lovins' amended § 2255 motion will be denied.

## I.  Background

A federal grand jury indicted Lovins on two counts of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Counts 1 and 2), and one count of possessing with the intent to distribute a mixture or substance containing methadone in violation of 21 U.S.C. § 841(a)(1) (Count 3).  [Record No. 1]  Attorney Wayne Roberts was appointed to represent Lovins under the Criminal Justice Act.  [Record No. 7]  Lovins pleaded guilty to Counts 2 and 3 in May 2019.  [Record No. 22]  In exchange, the United States moved to dismiss Count 1 at Lovins' change-of-plea hearing.

In relevant part, the parties' plea agreement provided the following facts in support of the defendant's conviction on Counts 2 and 3:

> On May 1, 2019, an undercover police officer (UC) made contact with the Defendant at the Defendant's residence located in Breathitt County, Kentucky within the Eastern District of Kentucky . . . that morning, the Defendant advised that he had been selling pills on multiple occasions and stated he could provide a firearm to the UC for a subsequent hunt . . . .
>
> During the search [of the defendant's residence], several pill bottles were located in the master bedroom of the residence as well as several boxes of ammunition and a 9mm Smith and Wesson pistol loaded with a full magazine.  KSP officers also found a plastic bag that contained numerous Methadone 40 mg tablets.  In a red trailer in the front yard KSP officers located an additional 5 guns and more ammunition . . . .

> The Defendant admitted that he had obtained 100 pills (Methadone 40 mg pills) from his supplier on 15 to 20 occasions in the last 8 to 10 months. He advised that he purchased the pills for $37.00 each and sold the same for $43 per pill.

[Record No. 23, pp. 2-3] The government summarized the terms of Lovins' plea agreement during the defendant's change-of-plea hearing. [Record No. 44, pp. 12-15] Lovins confirmed that the government's summary of the agreement was accurate, including the facts supporting his conviction. [*Id.* at p. 15] He further confirmed that there were no promises made to him that caused him to plead guilty aside from those contained in the plea agreement and that he was not otherwise threatened or forced to plead guilty. [*Id.* at p. 16]

The Court reviewed the relevant statutory penalties with Lovins and noted that the defendant could be subject to a sentence enhancement pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). [*Id.* at pp. 16-18] Specifically, the Court explained that, if Lovins had "certain qualifying convictions," the ACCA would require a mandatory minimum sentence of 15 years' imprisonment for Count 2. [*Id.*] Lovins confirmed that he understood the potential penalties that could be imposed. [*Id.* at p. 18]

The Court asked Lovins to explain what he did to be guilty of Counts 2 and 3. [Record No. 44, pp. 29-34] The following discussion then occurred regarding Count 3:

> THE COURT: Count 3 . . . alleges that on . . . May 2nd, that you knowingly and intentionally possessed with the intent to distribute a substance containing methadone. Can you tell me about that?
>
> LOVINS: Your Honor, there never was . . . I've had four or five bad accidents in my life, and I've always had to take some drugs. I've been in a lot of places where you have to go for help, and I was—there was never no intent to distribute. I just—I used methadone, Your Honor.
>
> THE COURT: All right. Now, in order to obtain a conviction for this count, the United States would have to establish not just that you possessed methadone, but you possessed it with the intent to distribute to at least one other person. Now, you don't have to sell it. You can give it away. But the government would

- 3 -

> have to show that you possessed it with the intent to distribute it, and you did so knowingly and intentionally. Do you believe the government could prove that element if the case were to proceed to trial?
>
> LOVINS: Yes.
>
> THE COURT: All right. In other words, if you were only holding it for yourself, that wouldn't be sufficient for me to accept a plea of guilty. You would have to acknowledge that, in fact, you possessed it knowingly with the intent to distribute to another person. And you do acknowledge that as well, correct?
>
> LOVINS: I understand now, sir. I admit that I did.

[*Id.* at pp. 33-34] The Court again asked Lovins whether he had reviewed his plea agreement with his attorney, including the factual basis supporting Counts 2 and 3. [*Id.* at p. 34] Lovins affirmed that he had reviewed the agreement and that the government's factual summary was "true and correct." [*Id.*] He further confirmed that if his case were to proceed to trial, the government could "prove [the] facts [listed in the plea agreement] beyond a reasonable doubt." [*Id.*]

Lovins' Presentence Investigation Report (PSR) stated that Count 2 carried a mandatory minimum term of imprisonment of 15 years and that Count 3 carried a maximum penalty of 30 years. [Record No. 39, ¶ 79] The probation officer recommended applying a four level increase pursuant to United States Sentencing Guidelines § 2K2.1(b)(6)(B) because "the defendant used or possessed [a] firearm or ammunition in connection with another felony offense." [*Id.* at ¶ 23] The PSR further recommended enhancing the defendant's sentence under the ACCA because "the defendant ha[d] at least three prior convictions for a violent felony or serious drug offense, or both, which were committed on different occasions." [*Id.* at ¶ 35]

Roberts argued during Lovins' sentencing hearing that the Court should not enhance the defendant's sentence under the ACCA because he did not serve a term of imprisonment of more than 12 months for his prior trafficking convictions. [Record No. 42, p. 3] Counsel claimed that the First Step Act of 2018 requires that a defendant serve a sentence of at least 12 months' imprisonment on a conviction before that conviction could qualify as an ACCA predicate offense. [*Id.* (citing Pub. L. No. 115-391, 132 Stat. 5194 (2018))] Roberts claimed that the defendant's convictions did not render him eligible for an ACCA enhancement because Lovins served less than 12 months in prison for his state court convictions for trafficking in a controlled substance. [*Id.*]

The Court overruled the defendant's objection and found that his trafficking convictions qualified as predicate offenses under the ACCA because KRS § 218A.1412, (the statute under which Lovins was convicted) carries a maximum term of imprisonment of 10 years or more. [*Id.* at pp. 3-5] As the Court explained, whether a prior conviction may serve as an ACCA predicate offense depends on the language of the statute of conviction, not the amount of time the defendant actually served. [*Id.*] Accordingly, the fact that Lovins spent less than 12 months for his trafficking convictions was not relevant for ACCA purposes. [*Id.* at pp. 4, 22]

Roberts also objected to the probation officer's recommendation of a section 2K2.1(b)(6)(B) enhancement, noting that there was "absolutely no independent evidence of drug trafficking, other than Mr. Lovins said that he's trafficking in pills." [*Id.* at p. 18] The Court overruled the defendant's argument, finding that the handgun that Lovins possessed "facilitate[d] a drug trafficking offense" because he could have used the gun to prevent his drugs from being stolen. [*Id.* at pp. 21-22] The Court further noted that ample evidence

- 5 -

supported the defendant's § 841(a)(1) conviction, including the defendant's multiple statements to law enforcement that he distributed drugs and his admissions that he intended to distribute methadone at his change-of-plea hearing. [*Id.* at p. 20]

The Court determined that Lovins' offense level of 31 and criminal history category of VI yielded a guidelines range of 188 to 235 months' imprisonment. [*Id.* at pp. 27-28] The Court further found that the defendant's prior trafficking convictions rendered him an armed career criminal under the ACCA. Lovings was ultimately sentenced to the statutory minimum term of 180 months' imprisonment. [*Id.* at p. 34, Record No. 35]

Lovins appealed his sentence to the United States Court of Appeals for the Sixth Circuit. [Record No. 36] There, he argued that this Court erred by finding that his trafficking convictions qualified as ACCA predicate offenses and by applying the section 2K2(b)(6)(B) enhancement. [Record No. 48] However, the Sixth Circuit affirmed Lovins' sentence, explaining that his prior convictions constituted "serious drug offense[s]" under the ACCA because they "exposed him to a potential maximum term of imprisonment of ten years or more." *Id.* [Record No. 55] Having determined that the ACCA enhancement was properly applied, the Sixth Circuit also denied as moot Lovins' argument regarding his enhancement under § 2K2(b)(6)(B) because "the [guidelines] enhancement would not have had any effect on his sentence." [*Id.* at p. 3]

Lovins timely filed an amended § 2255 motion on May 6, 2022. [Record Nos. 51, 54] He alleges that his attorney provided constitutionally ineffective assistance by informing him that his prior convictions did not serve as predicate offenses under the ACCA by failing to raise a "personal use defense" to his possession charge. [Record No. 54, pp. 3-9] He also

claims that, if not for his attorney's failure to properly inform him, he would have "rejected the [government's] plea agreement and insisted on going to trial." [*Id.* at p. 9]

Magistrate Judge Smith recommends denying both claims in Lovins' amended motion. [Record No. 62] She explains that counsel was not constitutionally ineffective when he gave incorrect advice regarding the ACCA enhancement because the Court properly informed the defendant that he could qualify for the enhancement at his change-of-plea hearing. [*Id.* at pp. 12-13] Magistrate Judge Smith also notes that Lovins cannot demonstrate that Roberts' inaccurate advice prejudiced him because the Court would have applied the ACCA enhancement at the defendant's sentencing regardless of whether he proceeded to trial. [*Id.* at p. 15] The Magistrate Judge concludes that Lovins' second claim fails because Roberts effectively represented Lovins when he argued that insufficient evidence supported the defendant's intent to distribute methadone at sentencing. [*Id.* at p. 22] She explains that Lovins was not prejudiced by counsel's failure to assert a personal use defense because such a defense would not have been successful. [*Id.*]

## II. Legal Standard

A prisoner has a statutory right to collaterally attack his conviction or sentence pursuant to 28 U.S.C. § 2255. To succeed, the prisoner must show that that the sentence was unlawful, that the court lacked jurisdiction, that the sentence was "in excess of the maximum authorized by law," or that the sentence is "otherwise subject to collateral attack." "A motion brought under § 2255 must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001).

Lovins asserts that he is entitled to relief because his attorney's conduct violated the defendant's right to effective assistance of counsel under the Sixth Amendment. *See* U.S. Const. amend. VI. A defendant's right to counsel is violated when counsel's performance falls below an objective standard of reasonableness and the defendant is prejudiced by counsel's performance. *Henness v. Bagley*, 766 F.3d 550, 554 (6th Cir. 2014) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

Under the first prong of *Strickland*, courts "strongly presume" that counsel "made all significant decisions in the exercise of reasonable professional judgment" and "take care to avoid 'second-guessing'" an attorney's use of discretion. *Lundgren v. Mitchell*, 440 F.3d 754, 759-60 (6th Cir. 2014); *see also Strickland*, 466 U.S. at 690. To satisfy the second prong, the movant must demonstrate that counsel's deficient performance would have changed the outcome of the proceeding, considering "the totality of the evidence before the judge or jury." *Strickland*, 466 U.S. at 695-96. In other words, to show prejudice, a movant must establish "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A movant must establish his claim of ineffective assistance by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

### III. Analysis

#### 1. The ACCA Enhancement

Lovins argues that Roberts was ineffective for advising him that he was not eligible for a sentence enhancement under the ACCA. [Record No. 54, pp. 7-9] He claims that counsel's erroneous advice regarding his potential sentence influenced his decision to plead guilty and

caused him to "agree[] to a . . . deal that turned out to be of no benefit to [the defendant]." [*Id.* at p. 8]

Magistrate Judge Smith correctly concludes that Roberts' advice to Lovins regarding his status under the ACCA was misinformed. [*See* Record No. 62, pp. 10-12.] As the Court explained during Lovins' sentencing hearing, and as the Sixth Circuit affirmed, the fact that Lovins served less than a year in prison for his conviction does not affect the validity of his prior convictions as ACCA predicate offenses because the statute of conviction carries a maximum term of imprisonment of at least ten years. [*See* Record No. 48, p. 2] But even though Roberts provided faulty advice regarding Lovins' potential sentence under the ACCA, Lovins' first claim will be denied because he was properly notified of the relevant statutory penalties at his change-of-plea hearing and because he did not demonstrate that counsel's actions prejudiced him.

Courts are required to inform a defendant of the relevant mandatory minimum penalties provided by statute during the change-of-plea hearing. *See* Fed. R. Crim. P. 11(c)(1); *see also United States v. Lundy*, No. 6:08-CR-02-DCR-REW, 2012 WL 928697, at *5 (E.D. Ky. Feb. 27, 2012) (finding that defendant was adequately informed of Court's sentencing options because defendant "unquestionably knew from both the Plea Agreement and [the Court] the potential maximum penalties in play"). Provided that a defendant is properly informed in accordance with Rule 11's requirements, "an attorney's inaccurate prediction about a possible sentence to be imposed in an ongoing criminal case does not satisfy the deficiency prong of *Strickland*." *Jones v. Holland*, No. 5: 13-66-GFVT, 2013 WL 11079776, at * 3 (E.D. Ky. Mar. 26, 2013) (collecting cases); *see also United States v. Hicks*, 4 F.3d 1358, 1363 n.3 (6th Cir.

1993) ("It is well settled that a defense attorney's erroneous calculation and prediction of the sentencing guidelines is not a basis for setting aside a guilty plea.").

Despite Roberts' misunderstanding, the defendant cannot claim that he was surprised by the application of an ACCA enhancement because he was informed of his potential eligibility for the enhancement on multiple occasions. Lovins' plea agreement states that his § 922(g)(1) conviction carries a maximum term of imprisonment of ten years but cautions that "if the Defendant is classified as an Armed Career Criminal . . . [he] shall be subject to imprisonment for not less than 15 years." [Record No. 21, p. 4] Additionally, the Court reviewed Lovins' plea agreement during his change-of-plea hearing, specifically advising Lovins of the potential application of the ACCA enhancement. [Record No. 44, pp. 12-18]

And Lovins confirmed that he understood the terms of the plea agreement and did not have any questions regarding his potential sentence following the Court's review. [*Id.* at pp. 18, 22] Because the Court clearly informed the defendant of his potential status as an armed career criminal, "the failure of [Lovins'] lawyer to inform him of [the] possibility [of career offender status] did not establish that his lawyer's 'representation fell below an objective standard of reasonableness.'" *Thomas v. United States*, 27 F.3d 321, 326 (8th Cir. 1994) (citation omitted).

But even if Lovins had satisfied *Strickland*'s first prong, his claim would fail nevertheless because he has not demonstrated that Roberts' actions prejudiced him. "[T]o satisfy the 'prejudice' requirement in a plea agreement context, 'the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *McAdoo v. Elo*, 365 F.3d 487, 498 (6th Cir. 2004) (quoting *Hill v. Lockhart*, 106 S. Ct. 366 (1985)).

As explained in *United States v. Lundy*, a defendant's claim that he would have pleaded guilty but-for counsel's actions regarding his plea agreement requires that the defendant make a subjective and an objective showing. 2012 WL 928697, at *6. Under the subjective component, the defendant must affirmatively state that he would have proceeded to trial if counsel had properly advised him. *Id.* (citing *Hill*, 106 S. Ct. at 371). Under the objective component, the defendant must "convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Id.* (citing *Pilla v. United States*, 2012 WL 360449, at *3-4 (6th Cir. Feb. 6, 2012)). Courts determining whether a defendant has satisfied the objective component consider "such objective factors as the strength of the government's case versus the strength of the defense case and any sentencing benefit received through the plea bargain versus the possible penalties to which the defendant would have been subjected if convicted after a trial." *Frost v. United States*, 2007 WL 1960605, at *4 (W.D. Va. July 5, 2007).

Lovins has satisfied the subjective component by claiming that, if not for his attorney's advice regarding the ACCA, he would have pleaded not guilty and proceeded to trial. [*See* Record No. 54, p. 9.] However, he has not demonstrated that his decision to go to trial "would have been rational under the circumstances." *Lundy*, 2012 WL 928697, at *6. The strength of the government's evidence against the defendant prevents him from establishing that his decision to forego the plea agreement and proceed to trial would have been reasonable. Indeed, the factual basis in the defendant's plea agreement establishes that the government possessed more than sufficient evidence to establish that Lovins intended to distribute methadone. [Record No. 21, pp. 2-4]

Lovins' decision to proceed to trial also would not have been reasonable because he received a sentencing benefit by pleading guilty; namely, the government moved to dismiss Count 1 of the indictment in exchange for his guilty plea. [Record No. 44, p. 13] Finally, as Magistrate Judge Smith notes, the defendant's choice to forego pleading guilty would not have been rational because proceeding to trial would not have affected his status as an armed career criminal under the ACCA, a designation which is determined by the sentencing Court after the defendant is convicted. [Record No. 62, p. 15] In short, Lovins cannot demonstrate that he was prejudiced by Roberts' advice regarding the ACCA because proceeding to trial would not have been a rational choice under the facts presented.

Lovins also claims that Roberts erred by misinforming him that pleading guilty was the only way to challenge his status under the ACCA, an argument raised for the first time in his reply brief. [Record No. 61, p. 6] That claim fails under both prongs of *Strickland*. First, Lovins has not provided any evidence that Roberts told him that pleading guilty was the only way to challenge his ACCA enhancement, aside from the defendant's own assertions. Moreover, his allegations are directly contradicted by his statement to the Court at his change-of-plea hearing that there were not "any other promises made to [him]" that caused him to plead guilty. [Record No. 44, pp. 15-16] Finally, even if Lovins could demonstrate that Roberts convinced him to plead guilty for the purpose of challenging his ACCA enhancement, Lovins cannot show that he was prejudiced by his decision to enter a guilty plea for the reasons just explained.

In summary, Lovins has failed to demonstrate that he was inadequately informed of his potential sentence or that his attorney's actions regarding the ACCA enhancement prejudiced him.

## 2. The Personal Use Defense

Next, Lovins claims that Roberts was ineffective by failing to inform him of the "personal use defense" to his possession charge. [Record No. 54, pp. 3-7] He contends that the small amount of methadone recovered from his bedroom suggested that he did not intend to distribute the drugs and that he could have argued that he lacked an intent to distribute if he had proceeded to trial. As Lovins explains, his attorney provided ineffective assistance by failing to raise the personal use defense at trial and instead encouraging the defendant to plead guilty. [*Id.* at p. 6]

This claim fails for several reasons. Roberts' failure to assert the personal use defense was not objectively unreasonable because counsel raised the defense at sentencing, and the argument proved unsuccessful. [Record No. 42, pp. 18-20] Counsel argued During Lovins' sentencing hearing that the defendant could not have possessed a firearm in furtherance of a drug trafficking offense, as is required under section 2K2.1(b)(6)(B) of the guidelines, because there was "absolutely no independent evidence of drug trafficking, other than Mr. Lovins said that he's trafficking in pills." [*Id.* at p. 18] The Court rejected this argument, noting that the defendant admitted to possessing the methadone with the intent to distribute it on multiple occasions, including to law enforcement and to the Court at his change-of-plea hearing. [*Id.* at pp. 18-19] Counsel was not ineffective for making an argument that was unavailing, and Lovins' assertion to the contrary appears to be little more than an attempt to relitigate the issue. *See, e.g., Green v. United States*, No. 1:09-CR-87, 2018 WL 4471758, at *5 (E.D. Tenn. Sept. 18, 2018) ("Making a cogent but unsuccessful argument does not amount to ineffective assistance of counsel.").

Additionally, Lovins cannot show that counsel's failure to advise him of the personal use defense prejudiced the outcome of his case. "[W]here the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial." *Hodges v. Colson*, 727 F.3d 517, 534 (6th Cir. 2013) (quoting *Hill*, 474 U.S. at 59). Here, the Magistrate Judge correctly determined that Lovins could not have successfully asserted a personal use defense even if he had proceeded to trial because ample evidence established that he intended to distribute the methadone in his possession. [Record No. 62, pp. 20-22]

Lovins claims that he did not possess enough methadone to demonstrate that he intended to distribute it, but the quantity of drugs possessed is not the only factor courts consider in determining whether sufficient evidence supports a defendant's conviction under § 841(a)(1). *See United States v. Montgomery*, 491 F. App'x 683, 689 (6th Cir. 2012) (noting that an intent to distribute controlled substances may be proven by "the possession of quantities of drugs too large for personal use; the value of the drugs; the presence of drug distribution paraphernalia . . . the concurrent seizure of large amount of currency; and the purity of the drugs"). In addition to the quantity of drugs possessed by the defendant, Lovins admitted to police that he had trafficked controlled substances in the past. [Record Nos. 23, pp. 2-3, 42, pp. 18-19] He also confirmed that he intended to distribute controlled substances when he confirmed that the factual basis in his plea agreement was accurate and expressly told the Court that he intended to distribute methadone at his change-of-plea hearing. [Record No. 44, pp. 33-34] His repeated and clear statements that he possessed methadone with the intent to

distribute the substance preclude him from arguing that he could have successfully mounted a personal use defense at trial.

Additionally and relatedly, the defendant was not prejudiced by Roberts' conduct because he has failed to demonstrate that the outcome of his case would have differed if he had proceeded to trial. As was explained previously, Lovins cannot show that deciding not to plead guilty and proceeding to trial would have been rational due to the weight of the evidence against him and the sentencing benefit he received from entering a guilty plea.

Finally, Lovins was not prejudiced by Roberts' failure to inform him of the personal use defense because his conviction for Count 3 did not impact his sentence. As the Magistrate Judge explains, Lovins' sentence for Count 3 was imposed concurrently with the 180-month sentence imposed for Count 2. [Record No. 62, p. 17] As such, the Court would have imposed a sentence of 180 months' imprisonment even if the defendant had been acquitted of Count 3. The defendant did not establish that Roberts' conduct regarding the personal use defense was unreasonable or that counsel's failure to assert the defense at trial prejudiced him.

## IV.  Evidentiary Hearing

Lovins has not requested an evidentiary hearing on the claims in his amended § 2255 motion. Regardless, the Court finds that such is not warranted because Lovins' factual allegations are flatly contradicted by the record. *See MacLloyd v. United States*, 684 F. App'x 555, 559 (6th Cir. 2017) (holding that "a district court may only forego a hearing where 'the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact'") (citation omitted). Lovins' claim that he was misinformed as to his eligibility for an ACCA enhancement is belied by the notice that he received from his plea agreement and from the Court at his change-of-

plea hearing that he could qualify as an armed career criminal. And Lovins' assertion that Roberts failed to inform him of the personal use defense is discredited by record evidence which demonstrate that asserting the defense would have been unsuccessful.

Moreover, Lovins' contention that his counsel's failures caused him to plead guilty are contracted by the record. Lovins informed the Court that he fully understood his plea agreement and did not receive any promises outside the terms of the agreement that caused him to plead guilty. [Record No. 44, pp. 16, 18] His in-court statements "carry a strong presumption of verity" and undermine his claims that his attorney's conduct forced him to enter a guilty plea. *United States v. Torres*, No. 6:17-CR-40, 2022 WL 983146, at *8 (E.D. Ky. Mar. 30, 2022) (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74) (1977)).

## V.  Certificate of Appealability

The Court must issue or deny a certificate of appealability when it enters a final order that is adverse to the movant in a § 2255 proceeding. Rule 11 of the Rules Governing § 2255 Proceedings; 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may be issued only when the defendant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this burden, the defendant must show that reasonable jurists could debate whether the petition should have been resolved in a different way or that the issues involved were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4) (1983)).

Reasonable jurists would not debate the Court's conclusions. Even if Roberts provided inaccurate information regarding Lovins' ACCA enhancement, the defendant was sufficiently advised of his potential eligibility for the enhancement in his plea agreement and at his change-

of-plea hearing. Additionally, Roberts was not ineffective for raising the personal use defense at the defendant's sentencing rather than at trial because the defense would not have been successful. Because the defendant's arguments are clearly without merit based on record evidence, no certificate of appealability will issue.

## VI. Conclusion

Lovins has failed to demonstrate that his trial attorney provided ineffective assistance under the standard set forth in *Strickland*. Accordingly, is hereby

**ORDERED** as follows:

1. The United States Magistrate Judge Candace J. Smith's Report and Recommendation [Record No. 62] is **ADOPTED** and **INCORPORATED** here by reference.

2. Defendant/Movant Phillip Lovins' motion and amended motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 [Record Nos. 51, 54] is **DENIED**. His claims are **DISMISSED**, with prejudice, and **STRICKEN** from the docket.

3. A Certificate of Appealability will not issue.

Dated: April 24, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky